EDITH M. MONTGOMERY v. MONROE TELEPHONE COMPANY, INC.

(Filed 21 November 1962.)

**1. Pleadings § 28—**

Plaintiff must recover, if at all, in accordance with the allegations of the complaint, and plaintiff's proof must correspond substantially thereto.

**2. Telephone Companies § 4—**

Where plaintiff's allegations are to the effect that she was injured while talking on the telephone by electricity from a bolt of lightning traveling over telephone wires, and that the injury occurred because of defendant telephone company's negligence in improperly installing the telephone equipment, but plaintiff introduces no competent evidence of any electrical storm or any lightning anywhere or any lightning being inducted over the telephone wires, nonsuit is proper.

**3. Appeal and Error § 41—**

If judgment of nonsuit would have to be sutained even though certain of plaintiff's evidence had been admitted, the exclusion of such evidence, even if competent, cannot be prejudicial.

APPEAL by plaintiff from *McConnell, J.,* August 1962 "A" Civil Term of UNION.

Civil action to recover damages for personal injuries.

Plaintiff alleged in her complaint in substance: Defendant installed and furnished for its customary charges telephone service in the home where she was living with her husband. About 12:30 p.m. on 18 February 1960, while she was talking over the telephone with a friend, Mrs. Parks Williams, who lived about six or seven miles away, a thundercloud gathered near the home of the plaintiff and a bolt of lightning struck somewhere in the close proximity of the plaintiff's house and followed the wiring of the defendant's telephone system through the fuse and through the lead-in wire to the telephone the plaintiff had in her hand and was talking through, and the bolt of lightning was not shunted into the ground because defendant had installed a defective lightning arrester, or that a bolt of lightning struck the lines of the Union Electric Membership Corporation and followed them into plaintiff's house, where it was transmitted over the telephone line to the ear piece which plaintiff was using, because of defendant's negligence in the improper installation of the telephone equipment. "The bolt of lightning passed out of the ear piece into the plaintiff's right ear and on to the right side of the plaintiff's face with such force and power that it knocked her down and rendered her unconscious."

Defendant in its answer denies that it was negligent in the installation of its telephone in plaintiff's home, and denies that any

lightning occurred and was conveyed by its wires, or any wires, into the telephone in plaintiff's home thereby injuring her.

Plaintiff testified in substance: When she was talking to Mrs. Williams she noticed it got real dark outside. It was raining. She did not see or hear any thunder or lightning. When she was talking over the telephone, it seemed like a cloud was rolling in on her, and the next thing she remembers she was on the floor, and it was about 1:30 p.m. Her right ear drum was ruptured and her face was scorched.

When she recovered consciousness she left her home, and went through the rain across the road to the home of Mr. and Mrs. J. L. Broom. J. L. Broom testified she told them, "she was telephoning Mrs. Williams, I believe, and lightened (sic) or something, when the pop of lightning struck, it knocked her out for I guess forty minutes." When she reached the Broom home, the side of her face was reddish-blue like, and her hair looked like it was swinged some.

Plaintiff returned to her home about 3:00 p.m. At that time the telephone was dead, and the receiver was hanging to the floor. That afternoon a repairman from defendant came to the house. When he came in, he said: "Well, the fuse is not even blown; the fuse is not even burned out." He took the telephone apart, and the receiver and it was completely burned out. He replaced cords everywhere.

Mrs. Parks Williams testified in respect to her conversation with plaintiff: "I guess we talked for about a minute or maybe two minutes and it was raining at my house, but the clouds wasn't too bad and all of a sudden she says to me she says, 'There is a terrible noise over my house' says 'It sounds like a storm.' And so I thought she had hung up the receiver although it made a terrible noise in my ear which really did frighten me. The noise was just more or less a popping noise, just real loud popping noise."

Plaintiff offered voluminous evidence in respect to the wiring of the telephone equipment and the lightning arrester installed by defendant.

At the close of plaintiff's case, the court entered a judgment of compulsory nonsuit, from which plaintiff appeals.

*Coble Funderburk for plaintiff appellant.*
*Carpenter, Webb & Golding by William B. Webb for defendant appellee.*

PER CURIAM. The theory of plaintiff's action, as alleged in her complaint and as contended in the trial and here, is that lightning was conducted over defendant's telephone wire and into the receiver of the telephone while she was talking over it due to defendant's negligence, and this was the proximate cause of her injuries. And yet when

we examine the evidence, plaintiff has offered no evidence, either direct or circumstantial, of any electrical storm or lightning anywhere, or of any lightning being conducted over its wires into the telephone she was using in February, or that she was injured by lightning. She testified she heard no thunder and saw no lightning. The testimony of J. L. Broom that plaintiff told them "when the pop of lightning struck" seems the statement of an opinion or conclusion and not a fact, when considered in the light of plaintiff's positive testimony at the trial.

In *Lynch v. Telephone Co.*, 204 N.C. 252, 167 S.E. 847, relied on by plaintiff, there was evidence that an electrical storm was going on in June, and that a witness saw a bolt of lightning about 50 yards from the telephone pole, and saw it on the wire that came in the house probably about 50 yards from the house. In addition, defendant in its answer admitted plaintiff was struck by lightning.

Even conceding *arguendo* that an excessive current of electricity came into the receiver of the telephone plaintiff was using and injured her, because of defendant's negligence in the installation of the telephone equipment, plaintiff has offered no evidence the electricity was lightning or caused by lightning. If a plaintiff is to succeed at all, he must succeed on the case set forth in his complaint, and his proof must correspond substantially with his allegations. *Wilkins v. Finance Co.*, 237 N.C. 396, 75 S.E. 2d 118.

Plaintiff's assignment of error to the judge's exclusion of evidence to the effect that the telephone in plaintiff's home continually growled with static from the date of its installation in October 1958, and that when defendant in March 1962 installed new equipment, the static ceased, and when an electrical storm would appear, the telephone would go dead, and no harm would occur to persons in the house, is overruled, for even if it was competent, which it is not necessary for us to decide, it would not benefit plaintiff here by reason of her failure to show there was any lightning or electrical storm at the time of her injury and that her injury was caused by lightning, as she alleges in her complaint.

The judgment of involuntary nonsuit below is
Affirmed.